Opinion.
The plaintiffs, Louis Hingle and Adolph E. Woolverton, were disqualified by the Plaquemines Parish Democratic Executive Committee, as candidates for Assessor and for State Representative of Plaquemines Parish, respectively, to be voted for at the Democratic Primary Election on January 20, 1948.
The plaintiffs each brought suit against the defendants, the committee and the objector, praying that the committee be ordered to certify them as candidates for the respective offices. In each suit, the district court rendered a judgment ordering the defendant committee to certify the plaintiff as a candidate for the office he is seeking. The defendant objectors and the committee have appealed from both judgments.
By consent of counsel, these two suits have been consolidated.
The record shows that on October 7, 1947, the Democratic State Central Committee, by resolution, fixed January 20, 1948, as the date for holding the Primary Election for the nomination of state officers. In this resolution it was provided that in compliance with Section 32 of Act No. 46 or 1940, the Primary Election Law, every parish committee should levy the sum of $5 upon each candidate for parish office, to be forwarded to the Secretary of the State Central Committee. On October *Page 709 
8, 1947, the defendant committee, of which the plaintiff Hingle was a member, passed a resolution fixing January 20, 1948, as the date for holding a primary election for the nomination of parish and ward officers, in accordance with the State Central Committee's resolution. In this resolution it was further provided that "* * * each candidate for any of the Parish offices above set forth shall deposit the sum of $10.00, * * * with the chairman of this committee at the time he files his declaration of intention to become a candidate, which deposit shall be for the expense of this committee and the conducting of said Primary Election, and for incidentals in connection therewith, and shall further comply with the requirements of the law and the Democratic State Central Committee with regard thereto. * * *" This resolution was posted in the Plaquemines Parish courthouse. There was no other posting of the amount of money that each candidate was required to deposit. Each plaintiff, upon filing his declaration of candidacy, deposited $15.00, stating therein that the $15.00 included "the deposit in the amount of $5.00 required by the Primary Election Law of the State of Louisiana, the deposit in the amount of $5.00 required by the resolution of the Democratic State Central Committee, and deposit in the amount of $5.00 required by the resolution of the Plaquemines Parish Democratic Executive Committee". An objection to each plaintiff's candidacy was duly filed with the defendant committee on *Page 710 
the ground that the deposit was not sufficient because the resolution of the defendant committee required a deposit of $10.00 for the expenses of the committee instead of the $5.00 actually deposited by each plaintiff. It was upon this ground that the defendant committee disqualified the plaintiffs.
The pertinent provisions of law are found in the Primary Election Statute, Section 18 of Act No. 46 of 1940 and Section 32 of Act No. 46 of 1940, as amended by Act No. 351 of 1946, § 6. Section 18 provides:
"It shall be the duty of all committees to publish or post as hereinafter provided, the full amount of deposit required of each candidate by all Parish, District or State committee and by the Primary Election Law."
Section 32 reads:
"The committees authorized to call and order primary elections are hereby authorized by resolution adopted at the same meeting at which they call said primary, to levy, assess and collect from each candidate, in addition to the assessments fixed herein, additional fees, not to exceed One Hundred Ten and no/100 ($110.00) Dollars. Out of these fees the following sums shall be remitted to the Secretary of the State Central Committee, to-wit:
"For every candidate for office as provided in Section 31, the sum of not to exceed Fifty and no/100 ($50.00) Dollars *Page 711 
each; for every candidate for district or parish office, the sum of Five and no/100 ($5.00) Dollars each; for every ward office, the sum of One and no/100 ($1.00) Dollar each. The balance of this additional assessment shall be used for incidental and other expenses and shall be expended in the discretion of the committee, and the amount to be fixed and assessed shall be paid by the candidate at the time of filing his written notification of candidacy. Failure to make payment as herein provided will debar any such candidate from having his name placed on the official ballot for such primary election; * * *."
It is the contention of each plaintiff that if the amount which he deposited was insufficient, his error was caused by the ambiguity of the resolution regarding the required amount; that the committee, in accordance with Section 18 of the Primary Election Law, which requires the publication or posting of the amount of deposit in full, should have posted the fact that a total of $20.00 was due from each candidate; and that the committee cannot disqualify him for an error induced by its failure to comply with the law.
The defendant objectors and the committee contend that the only stipulation contained in the resolution with which the plaintiffs did not comply in making their deposit was the one specifically requiring the sum of $10.00 for the defendant committee's expenses; that that portion of the resolution which plaintiffs construe as being *Page 712 
vague, the requirement that all candidates "* * * shall comply with the requirements of the law and Democratic State Central Committee", was complied with when each candidate deposited with the Parish Committee $5.00 required by the Primary Election Law of the State of Louisiana, and $5.00 as required by the resolution of the Democratic State Central Committee, as shown by his declaration of candidacy.
Conceding for the sake of argument that the plaintiffs complied with that part of the resolution which they complained of as being vague, or that the resolution in itself was not vague, nevertheless, Section 18 of the Primary Election Law clearly imposes upon the committee the mandatory duty of making known to prospective candidates the full amount which they must deposit. The resolution of the committee stipulates only the amount required by the committee for its expenses and does not set forth the amount required by the Primary Election Law and the Democratic State Central Committee. The committee's reference to "the requirements of the law and the Democratic State Central Committee", in its resolution of October 8, was not sufficient under the express wording of Section 18 to properly inform the prospective candidates of the full amount of the deposit required and the posting of such a resolution failed to comply with the provisions of Section 18 of said statute and, therefore, the committee cannot disqualify a candidate for his failure *Page 713 
to post the full amount. We are, therefore, of the opinion that the plaintiff Woolverton should be permitted to qualify for the office of State Representative of Plaquemines Parish.
The above holding is not applicable to plaintiff Hingle. The record shows that not only was he a member of the defendant committee at the time the resolution in question was passed but also that by his own admission, he offered the resolution in question and understood its contents. As the committee member who offered the resolution, he is bound by its contents and his own acts and is estopped from raising as a defense to his failure to comply with the Primary Election Law, the failure of the committee to comply with Section 18 thereof.
Both plaintiffs have contended that the committee's failure to state and post the required amount in full was part of a fraudulent scheme to disqualify certain candidates. This contention is without merit for the entire record is void of any evidence of a conspiracy or of fraudulent intent on the part of the committee or of any member thereof, present or absent.
For convenience, we repeat the decrees which were handed down by us in these cases on November 17, 1947.
In No. 38786, Hingle v. Plaquemines Parish Democratic Executive Committee et al.,
"For the reasons to be hereafter assigned, the judgment appealed from is reversed *Page 714 
and the suit is dismissed, at the cost of the appellee."
In No. 38787, Woolverton v. Plaquemines Parish Democratic Executive Committee et al.,
"For the reasons to be hereafter assigned, the judgment appealed from is affirmed."
O'NIELL, C. J., absent.